UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| Irma Jean Walker, | ) Case No. 03-13204C-7G |
| | ) |
| Debtor, | ) |
| _____ | ) |
| | ) |
| Irma Jean Walker, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Adversary No. 06-02036 |
| v. | ) |
| | ) |
| U.S. Bank National Association, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION

This adversary proceeding came before the court on April 4, 2007, for trial to determine the validity of a deed of trust. Lee Laskody appeared on behalf of Irma Jean Walker ("Plaintiff"). Alan B. Powell and James C. Lanik appeared on behalf of U.S. Bank National Association ("Defendant").

### JURISDICTION

The court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K), which this court may hear and determine.

## FACTS[1]

On December 17, 1962, Plaintiff and husband, Samuel Eugene Walker, acquired property located at 1215 Cleveland Avenue, Burlington, North Carolina 27217 ("Property") as tenants by the entirety.[2] Plaintiff's husband died on August 24, 1991 and fee simple title to the Property vested in Plaintiff. On May 30, 2001, Plaintiff borrowed $67,500.00 from Aames Funding Corporation ("Aames"). In connection with the borrowing of funds and the signing of the execution of a promissory note ("Note"), Plaintiff also executed and delivered a deed of trust ("Deed of Trust").[3] The Deed of Trust did not contain a metes and bounds description of the Property, but it did include the correct street address for the property.[4] Defendant is the current owner and holder of the Note and Deed of Trust.

Plaintiff filed a Bankruptcy Petition under Chapter 7 of the

---

[1]The Plaintiff and Defendant filed a Joint Stipulation of Facts before the adversary proceeding came on for trial. None of the facts stated in this opinion were contested.

[2]The deed was recorded in Book 306, Page 403, of the Alamance County Public Registry.

[3]The Deed of Trust was recorded on June 14, 2001 in Book 1520, Page 446, of the Alamance County Public Registry.

[4]The property description in the Deed of Trust contained the following language: "As per Exhibit A attached hereto and made hereof which has the address of 1215 Cleveland Avenue, Burlington, North Carolina 27217." Exhibit A was not attached, however, and the only description of the Property in the Deed of Trust was the street address.

Bankruptcy Code on September 24, 2003. At the time of filing, Plaintiff still owned the Property, and it was listed in her petition. Plaintiff received a discharge on December 29, 2003, and the bankruptcy case closed on January 16, 2004.

Defendant discovered that the Deed of Trust was recorded without the legal description after the bankruptcy case was closed. On October 6, 2005, Defendant commenced a civil action in Alamance County, North Carolina ("State Litigation"). The Defendant sought, among other things, a declaration that the Deed of Trust was a valid first lien on the Property. Contending that the relief sought in the State Litigation violated the Plaintiff's discharge, counsel for Plaintiff filed a Motion to Reopen the bankruptcy case, which was granted by this court on April 4, 2006.

On May 3, 2006, Plaintiff commenced this Adversary Proceeding requesting a declaration that the Deed of Trust does not constitute a valid lien upon the Property and also asserting a claim alleging that the Defendant's State Litigation violated the discharge injunction provided by 11 U.S.C. § 524.[5]

## DISCUSSION

The outcome of this proceeding depends upon the legal sufficiency of the property description contained in the Deed of Trust. The rules regarding sufficiency of property descriptions in

---

[5] The claim for violation of the discharge injunction was not pursued by the plaintiff and therefore will not be addressed by the court.

contracts for sale of land, deeds, mortgages, and deeds of trust are the same. See Daniel Boone Complex, Inc. v. Furst, 258 S.E. 2d 379, 389 (N.C. Ct. App. 1979) ("Since both mortgages and deeds of trust are conveyances of land, they must meet all the requirements for transferring land."); 54A A M. JUR. 2D Mortgages § 44 (1996) ("[G]enerally the rules as to descriptions of real estate in mortgages conform to those prevailing with respect to descriptions in deeds."). In North Carolina, any description of land must be "'either certain in itself or capable of being reduced to a certainty by a recurrence to something extrinsic to which the [description] refers.'" Foreman v. Scholl, 439 S.E. 2d 169, 173 (N.C. Ct. App. 1981) (quoting Duckett v. Lyda, 26 S.E. 2d 60, 61 (N.C. 1976)). In essence, a property description is legally sufficient if it supplies the means to identify a specific parcel of land. See id.; Overton v. Boyce, 221 S.E. 2d 347, 349 (N.C. 1976).

The North Carolina courts apparently have not decided the issue of whether a property description consisting solely of a street address is legally sufficient to convey an interest in land. However, there are decisions from other states holding that such a description is legally sufficient to convey an interest in land. E.g., Harper v. Wallerstein, 94 S.E. 781, 782 (Va. 1918) ("In a city having a known system of notation, regulated by municipal laws and acted upon by every one, the description of premises in

ejectment by a number is sufficiently definite."); Apex Fin. Corp. v. Garza, 155 S.W.3d 230, 237 (Tex. Ct. App. 2004) ("[A] street address or a commonly-known name for property may be a sufficient property description if there is no confusion."); Bajrangi v. Magnethel Enters., Inc., 589 So. 2d 416, 419 (Fla. Dist. Ct. App. 1991) ("[W]e find that had the description been only 1101-1/2 East Plant Street there would be no question but that the description would be sufficient."); 23 A m. Jur. 2d Deeds § 47 (2002) ("A description by giving the number of the house relative to other houses in the same street and designating the street is sufficient to pass title to the house and curtilage, at least where the house and lot are situated within a municipality having a known system of numbering."). The states in which these decisions were issued have the same rules regarding the sufficiency of property description as North Carolina, namely, that a property description is legally sufficient if it leads to the identification of a specific parcel of land. Harper, 94 S.E. at 782 ("The main object of a description of the land . . . . [is] to furnish the means of identification, and when this is done it is sufficient."); Apex, 155 S.W.3d at 237 ("[T]he property description must furnish within itself or by reference to another existing writing the means or data to identify the particular land with reasonable certainty. The purpose of a description in a written conveyance is not to identify the land, but to afford a means of identification." ) (citations omitted);

Bajrangi, 589 So. 2d at 419 (stating that a property description is sufficient if the court, "by pursuing an inquiry based upon the words of reference, is able to identify the particular property to the exclusion of all other property"). This similarity in legal rationale has convinced this court that the North Carolina courts would follow the foregoing decisions and conclude that a street address contained in a deed or deed of trust may be a legally sufficient description to convey an interest in real property.

The City of Burlington has an established and known system of street numbering that is uniformly accepted and utilized within the City of Burlington and which is sufficient to permit the location and identification of parcels of real property located within the City of Burlington, including the Plaintiff's Property. The court therefore concludes that the reference in the Deed of Trust to 1215 Cleveland Avenue, Burlington, North Carolina 27217, is a legally sufficient description with respect to the following described real property and that the Deed of Trust therefore constitutes a valid and enforceable lien upon the following described real property:

> All of that certain tract or parcel of land located in Burlington Township, Alamance County, North Carolina, adjoining the land of Cleveland Avenue and others, and beginning at an iron stake in the southern boundary of Cleveland Avenue (said stake being set South 82°38' East 228 feet from the intersection of Cleveland Avenue with Queen Ann Street); running thence with the southern boundary of Cleveland; South 82°38' 116 feet to an iron stake; continuing thence with Cleveland Avenue, South 42°25' East 29.55 feet to an

- 6 -

iron stake; running thence South 51°18' West 199.8 feet to an iron stake corner with the lands of Mrs. E.B. Standfield; running thence North 7°22' East 163 feet to the point of beginning as surveyed by W.T. Hall, C.E., August 18, 1954.

## CONCLUSION

Based upon the foregoing findings and conclusions, a judgment is being entered contemporaneously with the filing of this memorandum opinion adjudging that the Deed of Trust constitutes a valid and enforceable lien on the real property described in the foregoing metes and bounds description which is the property located at 1215 Cleveland Avenue, Burlington, North Carolina 27217.

This 27th day of April 2007.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Lee Laskody, Esq.
P.O. Box 1240
Graham, NC 27253

Alan B. Powell, Esq.
James C. Lanik, Esq.
P.O. Box 1550
High Point, NC 27261

Charles M. Ivey, III, Trustee

Michael D. West, Bankruptcy Administrator